Arguments not to exceed 15 minutes per side. Ms. Smothers for the appellant. Good morning, your honors. I would ask to reserve three minutes for rebuttal. We have raised several matters, but I'd like to address, if I might, the jury instruction and then also the armed career criminal, the assessment or the finding that Mr. Taylor qualified and was in fact sentenced under that statute. And I think your honors have the portions of the transcript and the instruction that concern the instruction about which we're complaining, the actual and constructive possession. And we certainly understand that the prior rulings of the circuit, the Smith case, other rulings indicating if you have evidence, more larger evidence relating to one theory of possession, lesser or maybe even de minimis evidence on the other, that it is not error to give both of those instructions or to give the instructions of both theories of possession. It is our position, though, that the court did err in that this is, in our opinion, and I think the proof at trial bore this out, that it is purely an actual possession case. There is no dispute in the record that the government's theory was it's a shotgun that was actually disassembled, if you will, or made into two pieces and maybe a few little pieces, parts, if you will, but it was broken down in a vehicle. Mr. Taylor was the passenger, another person who turned out to be an informant the driver, but the allegation of the government from our point of view and the proof at trial was that Mr. Taylor obtained the firearm at a residence, returned immediately, the vehicle pulled up, he goes in, comes out, basically a very short time later, according to the informant's testimony, has the gun, it's broken down already, gets back in his passenger's seat, they're stopped minutes later, actually, as there's a video that was part of the trial evidence, and the gun is at his feet, basically, or between his feet and the door sticking forward into the passenger compartment. It's like a Jeep Cherokee, it's an SUV-type vehicle. It is our position that this is factually very different from a case, as we have certainly heard the court reference many times, in the constructive possession instruction. Mr. Publis, I think I understand your argument, and it was set forth nicely in the briefs, but isn't all this harmless in light of Smith, Hughes, and Bowman? Even if we decided it was error to give the constructive possession instruction, it doesn't, in the end, amount to harmless error? Your Honor, it's our position it does not, and I will acknowledge that this may, in fact, be a close case factually on that issue, which, and I think the facts of any given case are obviously what this court is looking at in light of the instruction. What we had was facts in our position that he possessed, actually, the firearm. Was it in his coat? Was it in his pants, in his hand? No. At the time it was seized, at the time it was found, no. But I think what it allowed the jury, possibly, to do, and again, this is not a case where we have jury questions back and forth to the court, and then an instruction is given, and here comes a verdict. This is not that case. It simply isn't. But I think what, and we simply don't know because the verdict form simply reads guilty or not guilty. It allowed the jury, possibly, to find that, well, if he didn't have it in his hand, and admittedly he did not at the time that he was apprehended, that it was there, which is, could be constructive, so therefore we convict him on that. And it is our position that there's simply, that the proof does not support that. And again, actually, No, if the proof, I'm sorry, but if the proof did not support that, then it could not have led to a conviction for constructive possession. Well, but we simply don't know because of the way the verdict form reads, it simply reads guilty. They were given both instructions and returned a verdict of guilty, undeniably. But, Don't you agree that all of the evidence that was presented would substantiate actual possession rather than constructive possession, in that the weapon was within your client's reach physically. So that amounts to actual possession, and there really was no constructive possession. So all the evidence tends to support actual possession, and the instructions are both for actual and constructive, and he gets convicted. What then is the harm? Well, Your Honor, it's our position that the harm is that we simply standing here, and even as the verdict came back, but that standing there at that time, that we don't know which theory of possession the verdict was based upon. And again, the instructions, if you will, the notations from this circuit clearly indicate if the only theory of possession is actual, don't give the constructive. In effect, don't muddy the waters. Don't create an opportunity for a verdict that is not substantiated by the evidence when there is a clear theory, and it's our position in this case, the theory was always actual possession. I would understand constructive possession if the firearm were at a residence, my residence or the defendant's residence, and it's an example the court often gives. If you leave something with a friend, it belongs to you, I'm going to leave this with you, I'm going out of town, but you have control to retrieve it back, that's constructive possession. It's not in your reach, basically, although that's not the legal definition of actual. But in this case, the gun wasn't elsewhere. The gun was in the vehicle at Mr. Taylor's feet when he was found. So, was it in his hand? No. But I would offer that's not constructive possession, and when the notes are clear, don't give it unless there is evidence of constructive possession. Maybe part of the gun was found at the house or something like that, where you have maybe in effect two possessions actual of a gun and constructive of other parts of a gun that weren't assembled, something like that, I could see the instruction. But in this case, I think it's simply, and I don't like the term boilerplate, we used it in our brief, but that it was simply given as if there had been additional proof of a gun being found elsewhere. And I would offer that was there proof of actual possession? Yes. It's our position that's the only theory on which the government could have proceeded. But I think that in light of that, given this circuit's instructions about it, that it was error because what we have now is a simple verdict, if you will, guilty. Do you have a case that says that if you give instructions on both constructive possession and actual possession, and evidence only goes to actual possession, that that is not harmless error? Your Honor, the only, not from this circuit, no sir, the only reference I would make is what we have made in our filing, which is the Griffin case, again indicating that in the absence of anything in the record, I think in this case, the evidence in the that the gun was actually possessed. This isn't a case where we have someone saying it was constructive, someone saying it was actual, and the jury had to decide the only proof was actual. So I think that that case supports a finding that the instruction was an error, but if I might, very briefly, and again this is largely in light of our 28J letter that was filed, once again, the Armed Career Criminal Act rears its ugly head in light of the residual clause, waiting to see what the decision will be on Johnson v. U.S. We objected below to that categorization and set out our reasons in our original filing of our position paper, objecting to the Tennessee simple robbery. We understand that under the current authority from this circuit, that argument is foreclosed under the Mitchell case and other cases that have come since then, but we nevertheless raised it, we raised it again here, and in light of the Kentucky burglary statute, which is a tiered statute, it has several different degrees of burglary, but we objected again to the categorization of armed career criminal. Originally below, even knowing that that argument was foreclosed, he had, in light of the Mitchell case, there was sufficient authority below to put him in that category, but in light of the Johnson case that we're waiting on now, so to speak, it remains to be seen whether the residual clause remains valid at all and or the act itself, it's simply unknown where we will be. His prior convictions were a third degree burglary out of Tennessee back in 87, under an earlier sentencing scheme that's been somewhat ratified by statute now, a robbery out of Tennessee, a robbery out of Tennessee, both of those simple robberies, so to speak, and then this first degree burglary out of Kentucky. Ms. Muggles, doesn't Mitchell close the door on your argument? In Mitchell, didn't we reject the argument that the Tennessee robbery statute is indivisible and overly broad? Yes, sir. Is that what you're arguing now? Yes, sir. We understand, and as we stated actually in our filings, and there's no surprise in the court below, I think we referenced it, Mitchell forecloses. As long as Mitchell remains valid law, then that argument is foreclosed before this panel. We understand that. We raised it below. We raised it here in an effort to maintain it in light of the Johnson case, we've come to call it now, not knowing, we understand, no one knows what the ruling will be in that case, but it's our position that because both categorical and residual language or discussion, excuse me, my time, may I finish that one? Thank you, were addressed in Mitchell that there is a possibility, maybe however slim, that Mitchell may be revisited in light of Johnson, depending upon the breadth and the Johnson ruling. So that was the reason for our raising that at this point. Thank you. Thank you. May it please the court, I'm Vic Ivey, and I represent the United States in this case. The appellant raised, first of all, the issue of the constructive versus the actual instruction that was given at trial. Of course, Judge Marbley, as you correctly stated, the Smith-Hughes and Bowman case, along with Griffin and Murray, all say that that would be harmless error if it was given. Judge Clay, you did ask for one case. In all fairness, it was raised. The James case was raised by the appellant, and in that case, the defendant testified in that case that he did not possess the firearm. Of course, the gun was actually thrown in the James case. So he had it in his hand. The jury went out, stayed out for some period of time. Then they came back with a question. Did the defendant actually have to have the gun in his hand? At that point, the court gave a constructive instruction. The jury stayed out about five or ten minutes and came back with a verdict. Now, in James, the court said that that was error because the court gave that instruction. The jury came right back immediately with a verdict. We didn't have that in Anthony Taylor's case. The judge gave the constructive instruction with all of the other instructions. So there was never a question about it. But in fairness, there was that one case, the James case. Now, so we submit any error would be harmless. Now, Ms. Smothers also raised about the Johnson issue where the Supreme Court is considering whether the residual clause is unconstitutionally vague. However they rule on that, Judge Marbley, I submit that you're totally correct on this. It doesn't matter because Mr. Taylor had not only the Kentucky first degree burglary conviction, he also had two simple robbery convictions in Tennessee, which under Mitchell would be use of force clause would catch that and make him an armed career criminal that way, even if we threw out that third degree burglary. So he's going to be there one way or the other. And without going further into that, we submit that he's an armed career criminal. We ask the court to affirm his conviction and sentence. If there are any questions, I'll be glad to answer those. Apparently not. Okay. Thank you, Your Honor. Thank you. Any rebuttal? Your Honor, I did reserve time, but I believe at this point I have nothing further to address, so I would relinquish that time. All right. Very good. Thank you. And the case is submitted. You may call the next case.